## Case No. 7,645.

### KEENE v. The WHISTLER.

[2 Sawy. 348.] [1]

District Court, D. California. Feb. 24. 1873.

**LIABILITY OF OTHER PART OWNERS FOR NEGLIGENCE OF MASTER AND PART OWNER.**

Where a libel in rem was filed to recover damages for injuries to goods by fire, caused by the alleged negligence of the master, who was also part owner. but not by the design or neglect of the other part owners. *Held*, that under the provisions of section one of the act of March 3, 1851 [9 Stat. 635], the part owners personally, and also their interest in the vessel, were exempted from liability, and that the libel must be dismissed.

[Cited in Craig v. Continental Ins. Co., 26 Fed. 799.]

[This was a libel by Anne Keene against the bark Whistler, etc., for damages to cargo, caused by the alleged negligence of the master.]

D. J. Sullivan, for libellant.
Milton Andros, for claimant.

HOFFMAN, District Judge. The damage in this case having been caused by fire "happening on board" the above vessel, the burden of proof is on the libellant to show that such fire was caused by the design or neglect of the owner or owners of the vessel. Act March 3, 1851, § 1. The neglect alleged is that of the master in omitting to place sufficient dunnage on the bilges of the ship, in consequence of which the water in the bilges came in contact with lime stowed in the lower hold, thereby causing the fire which destroyed the libellant's goods.

I have very carefully examined the testimony, and have reached the conclusion that the libellant has not succeeded in establishing these facts by a preponderance of evidence. There is much reason to believe that the dunnage was insufficient. Such is the opinion of the first and second mates. and several other witnesses. But it is to be observed that the cargo was stowed under the immediate supervision of the master, who may be presumed to have been capable and skillful. He was one eighth owner in the vessel, and had, therefore, an additional motive not to endanger her safety, as well as that of the cargo, by failing to protect, by all reasonable precautions, lime from coming in contact with water. But supposing the dunnage to have been insufficient, the proofs fail to establish that the fire originated in the manner alleged. It seems to have begun on the top of the lime, or middle of the tiers of lime barrels, and its chief effects were

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

seen on the beams, etc., on the port side, from amidships toward the wing.

It appears at first to have been on all sides supposed that the fire originated in the lime barrels. But a closer inspection of the vessel after the extinguishment of the fire and the discharge of the cargo led to a change of opinion. It is in proof that one of the mates expressed the opinion that the fire originated in the furniture of the libellant; and although he now assigns to it a different origin, he admits that he may have made the statement referred to. In a matter so incapable of demonstration, and resting in conjecture rather than in proofs, I do not feel at liberty to reject the opinion of a majority of those who had the best means of forming a correct opinion, and who seem after examination to have abandoned the ideas they originally entertained.

But even if the proofs were clear in favor of the libellant, I do not see how this suit can be maintained. The libel is in rem against the vessel. If a decree passes against her, she must be sold (unless bonded) to satisfy the decree. The property of all the owners will thus be applied to the satisfaction of a liability incurred by one of them alone.

In the case of Walker v. Transportation Co., 3 Wall. [70 U. S.] 150, it was held by the supreme court that the act of 1851 exempts the owners of vessels in cases of loss by fire, from liability, for the negligence of their officers and agents, in which the owners have not directly participated. The alleged negligence of the master in this case cannot therefore be imputed to an owner who has not personally participated in such negligence.

The circumstance that the master owned an eighth interest in the vessel can have no effect to enlarge the liability of his co-owners. This point was expressly adjudged by the king's bench under the English statute, from which the act of congress was derived. In that case the defendants were sued jointly as ship owners, and it was urged that the object of the statute was to protect the owners against the acts of their servants and not against their own acts; that the loss in question was occasioned by the act of one of several partners, and that therefore the whole were liable.

But the court held that co-owners are not so liable under the statute, and that the clause exempting them from liability for the acts of their servants, taken in connection with that which preserves the liability of the master and mariners for their own acts, must be construed to mean, that if the master be sued in his character of master, he will be responsible notwithstanding that he is a part owner; but if he be sued as one of the part owners, with the other part owners, the circumstance that the loss was occasioned by his fault and with his privity, will not take away from the other part owners the

protection which the statute intended to give them. Wilson v. Dickson, 2 Barn. & Ald. p. 13.

The principle of this decision was approved and followed by Dr. Lushington, in the case of The Volant, 1 W. Rob. 383. The exemption claimed by the part owners in that, as in the preceding case, was from liability beyond the value of the ship and freight, but the rule must be the same, where, as in cases of loss by fire, the exemption conferred by the statute is from all liability whatever.

It was held by Dr. Lushington that the master, as part owner, is, together with the other part owners, protected by the statute. But if he has been guilty of neglect, he may be held responsible beyond the value of the ship and freight, in a suit against him personally as master, charging him with being the cause of the damage by his misconduct, and that this cannot be done directly or indirectly in another suit, i. e., a suit against the vessel.

From these authorities, it results that, though the negligent master, who is a part owner, is liable personally in either capacity for the loss caused by his negligence, the other innocent part owners are protected by the statute, in a suit brought against all the part owners jointly or in rem against the vessel, where the property must necessarily be taken to satisfy the decree; or, if she has been bonded, the owners must satisfy the decree out of their own funds. The libel must therefore be dismissed.